## In re ELECTRICAL RECEPTACLE PRODUCTS LIABILITY LITIGATION

### No. MDL 1595.

Judicial Panel on Multidistrict Litigation.

April 8, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

## *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

This litigation presently consists of four actions:[1] two actions each in the District of South Carolina and the Northern District of West Virginia. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Eagle Electric Manufacturing Co., Inc. (Eagle Electric)[2]—a defendant in one South Carolina action and one West Virginia action—to centralize these four actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. Eagle Electric also stated at the oral argument in this docket that the District of South Carolina would be an appropriate choice as transferee district

1. An additional action, *Terry L. Sheriff v. Pass & Seymour, Inc.*, D. South Carolina, C.A. No. 9:03-3254, was included on the Section 1407 motion, but was remanded to South Carolina state court on February 4, 2004. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

2. Pass & Seymour, Inc.—the defendant in the remanded South Carolina action—was the original Section 1407 movant. Since it is no longer a party to this litigation, Eagle Electric, which joined in this motion, is treated as the Section 1407 movant.

and that Leviton Manufacturing Co., Inc.—the defendant in the remaining South Carolina and West Virginia actions—supports this motion. All plaintiffs jointly oppose centralization. They alternatively ask the Panel to defer its Section 1407 ruling pending rulings by the South Carolina and West Virginia districts on pending motions to remand these actions to their respective state courts.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of allegations that back-wire push-in electrical receptacles manufactured by defendants i) are defective in their design and unreasonably dangerous, and ii) cause an increased risk of fire or electrical shock. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of South Carolina is an appropriate transferee district for this litigation. We note that i) two of the four actions presently before the Panel are pending there, and ii) movant alternatively supports centralization there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A and pending outside the District of South Carolina are transferred to that district and, with the consent of that court, assigned to the Honorable Solomon Blatt, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1595—In re Electrical Receptacle Products Liability Litigation*

### District of South Carolina

*Anthony R. Cimpric v. Eagle Manufacturing Co., Inc.,* C.A. No. 9:03–3213

*April Cramer, et al. v. Leviton Manufacturing Co., Inc.,* C.A. No. 9:03–3229

### Northern District of West Virginia

*Rodney Carter, et al. v. Eagle Electric Manufacturing Co., Inc.,* C.A. No. 5:03–235

*Christie L. Kittle, et al. v. Leviton Manufacturing Co., Inc.,* C.A. No. 5:03–238